IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JAMES WHITE, APPLIED
EXTRACTS, INC.,

          Plaintiffs,

     v.

BRADLEY REEVES, OREGON
DRYING TECHNOLOGIES, LLC,
OREGON HEMP TEA COMPANY, LLC,

          Defendants.

Case No. 1:20-cv-00412-CL

OPINION & ORDER

CLARKE, Magistrate Judge.

    This case comes before the Court on Plaintiff James White's Motion for Temporary Restraining Order (#12) and Amended Motion for Temporary Restraining Order (#21). For the reasons below, the motions are DENIED.

## BACKGROUND

    Plaintiff White and Defendant Reeves entered into a business agreement in which Plaintiff became a member of Oregon Drying Technologies, LLC. Plaintiff invested both money

Page 1 of 4 – OPINION & ORDER

and equipment into the business, valuing $383,907. Plaintiff alleges that Reeves transferred the money and equipment to a different Oregon hemp business without the proper authority. Plaintiff seeks return of the money and equipment, as well as the dissolution of Oregon Drying Technologies, LLC and an accounting of its assets. Reeves maintains that he is the manager of Oregon Drying Technologies, LLC and was acting as fiduciary and manager of the business when he moved equipment off the leased premises in order to avoid a statutory landlord lien on the equipment. Both Plaintiff and Defendant confirmed at oral argument that Oregon Drying Technologies, LLC is past due on rent of the leased premises.

## DISCUSSION

Plaintiff moves for a temporary restraining order enjoining and restraining Reeves from removing equipment, personal property and other items from the premises of their business and additionally directing Reeves to return equipment already removed. Plaintiff also seeks an Order to Show Cause why a preliminary injunction should not subsequently be issued.

Federal Rule of Civil Procedure 65(b) allows a court to issue a temporary restraining order to prevent "immediate and irreparable injury, loss, or damage . . . to the movant." The standard for issuing a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). A temporary restraining order is an extraordinary legal remedy which will be granted only upon a showing of irreparable injury and probable success on the merits, or that serious questions are raised and the balance of hardships tips sharply in favor of the moving party. *Dr. Seuss Enters. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1397 n.1 (9th Cir. 1997). These standards "are not separate tests but the outer reaches of a single continuum."

*International Jensen, Inc. v. Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993) (citation omitted).

      Here, Plaintiff has not met the high burden of showing that he is likely to succeed on the merits or that there is a possibility of irreparable harm in the absence of preliminary relief. Plaintiff has not shown that Reeves was acting inappropriately in removing equipment from the leased premises or that the equipment was wrongfully sold.  Instead, Plaintiff has represented that the equipment was moved to a storage unit, which Reeves claims was done in the best interest of the company to avoid a landlord lien. Plaintiff has made allegations that Reeves misappropriated funds causing the company to fall behind on rent payments, but no proof of this has been presented to the Court and the circumstances that caused the company to fall behind on rent is not currently before the Court.  Under the company's operating agreement, which was attached to Plaintiff's Amended Complaint, "[t]he Managers shall direct, manage and control the business of the Company. . . . [and] shall have full and complete authority, power and discretion to manage and control the business, affairs and properties of the Company, to make all decisions regarding those matters and to perform any and all other acts or activities customary or incident to the management of the Company's business." Operating Agreement ¶ 5.01 (Dkt. No. 11-2). Plaintiff does not dispute that Reeves was the manager of the company when the equipment was removed from the leased premises.

      Moreover, it appears that Reeves and the company no longer have access to the leased premises. Ordering Reeves to return removed equipment to the leased premises and restrain him from removing any remaining equipment is unnecessary and likely impossible to enforce under such circumstances. The Court concludes that Plaintiff failed to establish the factors necessary to grant a temporary restraining order.

**ORDER**

Plaintiff's Motion for Temporary Restraining Order (#12) and Amended Motion for Temporary Restraining Order (#21) are DENIED.

IT IS SO ORDERED.

DATED this 14th day of May, 2020.

MARK D. CLARKE
United States Magistrate Judge